USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-14-25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RECEIVED
APR 29 2025
JUDGE KAPLAN'S CHAMBERS

| | |
|---|---|
| HARVEY TAUBER, Derivatively on Behalf of INTEGRAL AD SCIENCE HOLDING CORP., <br><br> *Plaintiff,* <br><br> v. <br><br> LISA UTZSCHNEIDER, MICHAEL FOSNAUGH, BRIDGETTE HELLER, CHRISTINA LEMA, JILL PUTMAN, ROD ALIABADI, MARTIN TAYLOR, OTTO BERKES, BROOKE NAKATSUKASA, and TANIA SECOR, <br><br> *Defendants* <br><br> and <br><br> INTEGRAL AD SCIENCE HOLDING CORP., <br><br> *Nominal Defendant.* | Case No.: 1:25-cv-02039-LAK <br><br> ECF Case |

## STIPULATION AND [PROPOSED] ORDER STAYING ACTION

**WHEREAS**, Plaintiff Harvey Tauber filed the above-captioned action (the "Action") derivatively and purportedly on behalf of Integral Ad Science Holding Corporation ("IAS" or "the Company"), against Defendants Lisa Utzschneider, Michael Fosnaugh, Bridgette Heller, Christina Lema, Jill Putman, Rod Aliabadi, Martin Taylor, Otto Berkes, Brooke Nakatsukasa, and Tania Secor (collectively, the "Individual Defendants"), and nominally against IAS (together with the Individual Defendants, the "Defendants");

**WHEREAS**, in an effort to assure consistent rulings and decisions, the avoidance of unnecessary duplication of effort, and the avoidance of prejudice to the Company and its

stockholders, all of the undersigned counsel, on behalf of the parties herein, enter into this stipulation;

**WHEREAS**, there is currently pending in this Court a putative securities class action against IAS, Lisa Utzschneider, Tania Secor, and Vista Equity Partners Management LLC, captioned *Oklahoma Firefighters Pension and Retirement System v. Integral Ad Science Holding Corp., Lisa Utzschneider, Tania Secor, and Vista Equity Partners Management, LLC*, 1:25-CV-00847-LAK (the "Securities Action");

**WHEREAS**, the Securities Action asserts claims based on substantially similar factual allegations to those raised in this Action, and the parties agree that the resolution of dispositive motions in the Securities Action may help inform the manner in which this Action proceeds;

**WHEREAS**, in an effort to proceed in the most efficient manner, the undersigned parties agree that it would save judicial and party resources to adjourn the deadlines to move to dismiss, answer, or otherwise respond to the complaint in the Action, and all discovery and disclosure obligations under the applicable local and federal rules and temporarily stay this case in its entirety (including all discovery) until either (i) the forthcoming motion(s) to dismiss the Securities Action is granted, and the Securities Action is dismissed in its entirety with prejudice and all appeals related thereto have been exhausted; (ii) the Securities Action is resolved or dismissed by settlement; or (iii) any motion(s) for summary judgment in the Securities Action are resolved;

**WHEREAS**, Defendants, by entering into the stay, do not waive and expressly reserve all rights, claims and defenses (except as specified below) including that Article 12, Section 1 of the Company's Certificate of Incorporation specifies the Delaware Court of Chancery as the exclusive forum for various actions, including those asserting derivative or fiduciary claims;

**NOW, THEREFORE**, the undersigned parties, by and through their counsel, **STIPULATE** and **AGREE**, subject to the approval of the Court, that:

1. All proceedings in the Action, including all deadlines to move to dismiss, answer, or otherwise respond to the complaint in the Action, and all discovery and disclosure obligations under the applicable local and federal rules, shall be extended and temporarily stayed until (i) the forthcoming motion(s) to dismiss the Securities Action is granted, and the Securities Action is dismissed in its entirety with prejudice and all appeals related thereto have been exhausted; (ii) the Securities Action is resolved or dismissed by settlement; or (iii) the resolution of any motion(s) for summary judgment in the Securities Action.

2. Upon occurrence of any of: (i) the dismissal of the Securities Action in its entirety, with prejudice, and exhaustion of all appeals related thereto, (ii) the settlement of the Securities Action; or (iii) the resolution of any motion(s) for summary judgment in the Securities Action, the parties to this Action shall, within sixty (60) days, meet and confer and submit a proposed scheduling order to the Court governing further proceedings in the Action, including the filing of any amended complaint and the date by which Defendants must answer, move against, or otherwise plead in response to the operative complaint in the Action. Nothing in this Stipulation shall prevent or prejudice the parties from agreeing to, or Defendants from moving for a continued stay of proceedings following the expiration of the stay described in Paragraph 1 of this Stipulation.

3. The undersigned counsel for Defendants agree to accept service on behalf of the Defendants that they represent, provided, however, that the acceptance of service shall not waive any rights, claims, and defenses belonging to Defendants, other than a defense as to the sufficiency of service of process. For the avoidance of doubt, Defendants' reservation of rights, claims, and defenses includes, without limitation, any and all defenses on the merits, any and all jurisdictional

defenses, any and all motions to dismiss pursuant to the doctrine of *forum non conveniens*, any and all motions to transfer, any and all other motions that seek relief based on Article 12, Section 1 of the Company's Certificate of Incorporation, and any and all other rights, claims, and defenses, other than a defense as to the sufficiency of service of process.

4. Nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections, or any other application to any court that any party have, with respect to the claims set forth in the Action.

5. Notwithstanding the above, any of the parties to the Action may request that the Court lift the stay upon good cause shown by giving the other parties at least twenty (20) business days' written notice that they believe such good cause exists and thereafter bringing the matter to the Court's attention and requesting that the voluntary stay be lifted. If the stay is lifted pursuant to this Paragraph 5, the parties to this Action shall, within sixty (60) days, meet and confer and submit a proposed scheduling order to the Court governing further proceedings in the Action, including the filing of any amended complaint and the date by which Defendants must answer, move against, or otherwise plead in response to the operative complaint in the Action.

6. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a related derivative action that are more favorable to the plaintiff(s) therein, those same terms or conditions shall be deemed incorporated into this agreement.

7. Plaintiff may file an amended complaint once as a matter of course during the pendency of the stay, which shall be deemed to be an amendment pursuant to Federal Rule of Civil Procedure 15(a)(1). Defendants shall have no obligation to move, answer, plead, or otherwise

respond to any amended complaint (or any other complaint filed in or consolidated with this Action) during the pendency of the stay.

8. If the Action is not earlier dismissed, Defendants shall promptly notify Plaintiffs of any formal settlement meetings, conferences, or mediations with the plaintiff in the Securities Action or any related derivative action to which they are parties. Unless otherwise inconsistent with any agreement between the parties in the Securities Action or the parties in such related derivative action, Defendants shall not oppose Plaintiff's participation in the formal settlement meetings, conferences, or mediations.

**SO STIPULATED AND AGREED**

Date: April 28, 2025

By: */s/ Timothy J. MacFall*
**RIGRODSKY LAW, P.A.**
Timothy J. MacFall
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: vl@rl-legal.com
tjm@rl-legal.com

*Counsel for Plaintiff Harvey Tauber*

By: */s/ Sandra C. Goldstein*
**KIRKLAND & ELLIS LLP**
Sandra C. Goldstein, P.C.
Stefan Atkinson, P.C.
Alexander J. Rodney
Jeffrey R. Goldfine
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4779
sandra.goldstein@kirkland.com
stefan.atkinson@kirkland.com.
alexander.rodney@kirkland.com
jeffrey.goldfine@kirkland.com

*Counsel for Defendants Rod Alibadi, Michael Fosnaugh, Christina Lema, Brooke Nakatsukasa, Martin Taylor, Lisa Utzschneider, and Jill Putman*

By: /s/ *Stuart M. Riback*
**Wilk Auslander LLP**
Stuart M. Riback
825 Eighth Avenue
Suite 2900
New York, NY 10019
Telephone: (212) 981-2326
sriback@wilkauslander.com

*Counsel for Defendants Bridgette Heller and Otto Berkes, and Nominal Defendant Integral Ad Science Holding Corp.*

By: /s/ *Andrew St. Laurent*
**HARRIS ST. LAURENT & WECHSLER LLP**
Andrew St. Laurent
40 Wall Street, 53rd Floor
New York, NY 10005
Telephone: (646)-248-6010
andrew@hs-law.com
*Counsel for Defendant Tania Secor*

**IT IS SO ORDERED.**

Dated: April ___, 2025

_____
Hon. Lewis A. Kaplan

5/14/25